(34 Misc. Rep. 296.)

### In re LYMAN, State Commissioner.

(Supreme Court, Special Term, New York County. March, 1901.)

LIQUOR TAX CERTIFICATE—CANCELLATION.
    Where the application on which a liquor tax certificate was granted contained material false representations in regard to consents by owners of adjoining buildings, it will be revoked.

Application by Henry H. Lyman, state commissioner of excise, for an order revoking liquor tax certificate issued to Bartholomew J. Clancy. Motion granted.

H. H. Kellogg, for petitioner.
Charles L. Hoffman, for respondent.

FITZGERALD, J. This is an application by the state commissioner of excise to cancel and revoke liquor tax certificate No. 10,754, issued to Bartholomew J. Clancy to traffic in liquors at No. 892 Columbus avenue, borough of Manhattan, city of New York, by George Hilliard, deputy commissioner of excise, on the ground that the statement presented by the respondent for a liquor tax certificate, verified April 17, 1900, was false and untrue as to certain material statements made therein, as appears by his answers to the following questions:

"First. Q. How many buildings occupied exclusively as dwellings are there, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises in which the traffic in liquors is intended to be carried on? A. Five. Second. Q. Has the applicant attached hereto the consents required by section 17 of said law? A. Not required. Third. Q. If the applicant relies upon consents given heretofore, in what month and year and upon whose application statement were such consents filed? A. Application statement of B. J. Clancy, filed March 1, 1899. Fourth. Q. Do such consents given heretofore, together with those filed herewith, cover and relate to two-thirds of the above dwellings? A. Yes."

In the statements for liquor tax certificate, verified by respondent February 21, 1899, the following appears:

"Q. 16. How many buildings occupied exclusively as dwellings are there, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors is intended to be carried on? A. Four. Q. 17. State the street number and name of owner or owners of each of such dwellings separately. A. A. W. Weaber,

owner of dwelling No. 128 on West One Hundred and Fourth street; Caroline W. Hoehle, owner of dwelling No. 116 on West One Hundred and Fourth street; Philip Hausman, owner of dwelling No. 107 on West One Hundred and Fourth street; Mrs. Thompson, owner of dwelling No. 103 on West One Hundred and Fourth street."

The consents of A. W. Weaber, Caroline W. Hoehle, and Philip Hausman, duly acknowledged February 24, 1899, were attached to the said statement. The petition to revoke and cancel said certificate was duly presented to the court, and referred to a referee to take proof in relation thereto, and report the evidence to the court. From the voluminous record of testimony submitted by the referee, it appears that the houses numbered 79, 81, 83, 103, 105, 107, 109, 110, 112, 114, 116, 118, and 119 West 104th street are within 200 feet of the store on the southwest corner of 104th street and Columbus avenue, and that No. 128 West 104th street is more than 200 feet from the said store. The testimony further shows that on February 21, 1899, Nos. 79, 81, 103, 105, 107, and 116 West 104th street were occupied exclusively as dwellings, and that the owners of Nos. 107 and 116 West 104th street consented that the traffic in liquors be carried on on the premises No. 892 Columbus avenue, and that the owners of 79, 81, 103, and 105 West 104th street had not consented in writing, in the manner prescribed by the statute, to the traffic in liquors at the place above mentioned. Subdivision 8 of section 17 of the liquor tax law provides in part that:

"When the nearest entrance to the premises described in such statement in which traffic in liquors is to be carried on is within 200 feet, measured in a straight line, of the nearest entrance to a building occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners or by the duly authorized agent or agents of such owner or owners of at least two-thirds of the total number of such buildings within 200 feet, so occupied as dwellings and acknowledged as are deeds entitled to be recorded."

The original statement, verified February 21, 1899, shows that only two of the owners of buildings occupied exclusively as dwellings within 200 feet of the premises situated on the southwest corner of West 104th street and Columbus avenue acknowledged their consent in the manner prescribed by statute. Ellen Thompson, whose name appears in the statement referred to above as one of the parties consenting, in her testimony before the referee states that she did not give her consent to the opening of a saloon on the premises No. 892 Columbus avenue. The relator has failed to establish, by the preponderance of proof, the allegations as to the violation of law referred to in paragraphs 11, 12, 13, and 14 of the petition. Motion to revoke and cancel certificate granted on the ground of false material representations in the statement upon which the certificate was issued.

Motion granted.